UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| RBS Financial Products Inc., | ) C/A No. 2:15-cv-00318-DCN-MGB |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Cornell D. Davis; | ) |
| Juliett Marsh-Davis, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This case is before the undersigned United States Magistrate Judge because a pro se litigant

filed a Notice of Removal of a civil action that was pending in state court. The state-court case was

filed as: *Bank of America, N.A. v. Davis*, C/A No. 2012-CP-08-2286,[1] and it appears to be a

mortgage-foreclosure action involving real estate in Berkeley County, South Carolina. ECF No. 1.

Because the removing party, Juliett Marsh-Davis ("Defendant Marsh-Davis") appeared in this case

pro se, the case was referred to the magistrate judge for all pretrial proceedings pursuant to Local

Civil Rule 73.02(B)(2)(e) (D.S.C.). Defendant Marsh-Davis filed a Motion for Leave to Proceed in

forma pauperis. ECF No. 2.

The Notice of Removal is captioned with "RBS Financial Products, Inc." as "Plaintiff(s)";

however, a Motion to Remand the case to state court was submitted by attorneys on behalf of an

---

[1] This case name and number was taken from the copy of the state-court complaint attached
to the Motion for Remand. ECF No. 6-3 at 12-20. The Notice of Removal shows a different state-
court case number: 2014-CP-08-155, but since Defendant Marsh-Davis did not provide copies of the
state-court pleadings with the Notice of Removal and has not responded to the Motion, the court will
rely on the copy of the pleadings provided with the Motion and the online records from the Berkeley
County 9th Judicial Circuit, http://publicindex.sccourts.org/Berkeley/PublicIndex/PISearch.aspx (last
consulted Apr 23, 2015).

entity identified as "Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as owner trustee on behalf of FBSHD 2013-1 Trust." ECF No. 6. The attorneys who submitted the Motion refer to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as owner trustee on behalf of FBSHD 2013-1 Trust as "plaintiff" and state the RBS Financial Products, Inc. assigned the mortgage that is the subject of the state-court foreclosure action to their client on November 22, 2013 "thereby making [their client] the present lien holder and plaintiff herein." Mem. in Supp. 2, ECF No. 6-3. The Motion to Remand has been pending longer than fourteen days, but Defendant Marsh-Davis has not responded to the Motion. Under this court's local rules, Defendant Marsh-Davis' time to respond to the Motion to Remand has now expired. Local Civil Rule 7.06 (D.S.C.) ( a party must respond to a motion filed by the opposing party within fourteen days of service of the motion "unless the court imposes a different deadline"). In absence of a response or submission contradictory information from the Defendant Marsh-Davis, the undersigned accepts the factual statements contained in the Memorandum in Support of the Motion to Remand as true and construes the Motion to Remand as having been filed by the proper state-court plaintiff and will hereinafter refer to the entity that submitted the Motion to Remand as "Plaintiff." The online records of the Berkeley County Court of Common Pleas confirm that "Christiana Trust" is the current plaintiff in the state action. *See* http://publicindex.sccourts.org/Berkeley/PublicIndex/PISearch.aspx (last consulted April 23, 2015).   Because the time for Defendant Marsh-Davis to respond has passed, the Motion to Remand is now ripe for consideration.

I.     Factual and Procedural Background

On January 23, 2015, Defendant Marsh-Davis filed her Notice of Removal in which she

2

appears to contend that the state court is not competent to render a just verdict in the mortgage-foreclosure action, but she does not include any reference to the federal statutory basis on which she contends that this real estate state case is removable. ECF No. 1. Defendant Marsh-Davis concludes her Notice of Removal by stating "this matter should and has been brought to this Court to clarify the overall issue to this Case." *Id.* at 2. She did not attach any of the state-court pleadings to her Notice, thus requiring this court to rely on the state-court documents that Plaintiff provided to determine the relevant facts of the case. *See supra* note 1.

It appears that Defendant Marsh-Davis was served with the state-court complaint at least by October 25, 2013 because, according to Plaintiff, she filed a motion for summary judgment in the state-court action on that date. ECF No. 6-2 at 3; *see* ECF No. 6-3 at 22, 28 (state-court hearing notice and order denying "Defendants' Motion for Summary Judgment"). As a result, it appears that the Notice of Removal now under review was filed nearly one year and three months after the latest possible date on which Defendant Marsh-Davis was served with the state-court complaint. It also appears that Defendant Marsh-Davis did not provide the state court with a copy of her Notice of Removal, *see* 28 U.S.C. § 1446 (d) (copy of notice to be filed with clerk of state court), because, according to Plaintiff, proceedings in that court continued after the filing date as indicated by the granting of Plaintiff's motion for summary judgment on January 30, 2015. ECF Nos. 6-2 at 3; 6-3 at 29-30. The certificate of service attached to the Notice of Removal shows only that a copy of the document was mailed to the law firm that is currently representing Plaintiff in this case. ECF No. 1 at 3.

II.     Discussion

Plaintiff contends that this case should be remanded to state court for numerous reasons,

including the lack of federal subject-matter jurisdiction evident on the face of the state-court pleadings or the Notice of Removal and procedural defects such as untimeliness, lack of joinder of other defendants, and waiver.[2] ECF No. 6-2. As stated previously, Defendant Marsh-Davis has not responded to the Motion and has not submitted any contradictory argument or documentation.

The federal removal statutes require that the moving party provide in the notice of removal "a short and plain statement of the grounds for removal together with a copy of all process, pleadings, and orders served upon such defendant . . . in [the removed state] action." 28 U.S.C. § 1446(a). The removal statutes also indicate a defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. 28 U.S.C. § 1441 (A civil action may be removed from state court only if the case involves matters over which "the district courts of the United States have original jurisdiction . . . ."). Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Various federal courts have held that the removal statutes are to be construed *against* removal jurisdiction, and in favor of remand. *See, e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990) (collecting cases); *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436 (W.D. Va. 1990).The Fourth Circuit Court of Appeals has held that "[i]f federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Additionally, the removal statutes require that,

---

[2]   While the Motion contains a certificate of service indicating that it was mailed to four different persons or entities, including Defendant Marsh-Davis on February 20, 2015, ECF No. 6-1, the court has not received any response to the Motion from any person or entity and the time from any such response has long passed.

generally, the notice of removal should be filed within thirty days of service of the state-court complaint on the removing defendant, § 1446(b)(1), and that the removing defendant obtain consent to removal from any co-defendants, § 1446(b)(2).

As stated previously, Defendant Marsh-Davis does not reference either federal-question or diversity jurisdiction as a basis for removal in this case. She states only that she believes that "[t]he proceedings in the Lower Court will irreparably harm [her] Rights, Title, and Interest . . . [and that] this matter should and has been brought to this Court to clarify the overall issue to this Case." ECF No. 1 at 2. The undersigned United States Magistrate Judge has reviewed Plaintiff's Motion to Remand and the copy of the state-court complaint provided by Plaintiff in support of its Motion. ECF No. 6-3 at 12-20. That review discloses that the state-court action appears to be a routine state-law-based mortgage foreclosure action, and no claim that could have been originally brought in federal court under federal-question or diversity jurisdiction is evident on the face of that pleading. It appears that Defendant Marsh-Davis is simply unsatisfied with the rulings made in the state court thus far and filed this Notice of Removal to delay those proceedings and not because this federal court has subject-matter jurisdiction to consider the real-estate related issues between the parties. Thus, it is clear that Defendant Marsh-Davis has not sustained her burden, as the party invoking removal jurisdiction, of showing that removal was proper. *See Mulcahey*, 29 F.3d at 151 ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.").

While the lack of federal subject-matter jurisdiction over the matters involved in the state proceedings is sufficient reason for remand to state court, the undersigned also notes that Defendant Marsh-Davis' Notice of Removal does not comply with the procedural requirements of the removal statutes. First, she did not attach copies of the state-court pleadings to her submission. Second, she

5

did not obtain consent or joinder in removal from her state-court co-defendant(s), and, finally, she did not file the Notice within thirty days of service of the state-court complaint. As a result, Defendant Marsh-Davis has also failed to sustain her burden of compliance with the removal statute requirements. *See Marler v. Amoco Oil Co.*, 793 F. Supp. 656, 658-59 (E.D.N.C. 1992); *see also* 28 U.S.C. 1446.

III.    Recommendation

Accordingly, it is recommended that the District Court grant the pending Motion to Remand and that this case be remanded to the Berkeley County Court of Common Pleas.

**The parties' attention is directed to the important notice on the following page.**

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

April 24, 2015
Charleston, South Carolina

6

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).